# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENNIE A. COOPER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-10-75-R |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Valerie K. Couch entered June 29, 2010 [Doc. No. 17] and Respondent's Objection to the Report and Recommendation filed July 13, 2010 [Doc. No. 18]. In his Objection, Respondent objects to the Magistrate Judge's application of equitable tolling on the grounds that no rare and exceptional circumstances warranting tolling are present in this case and that Petitioner did not diligently pursue his federal claims. Pursuant to 28 U.S.C. § 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Respondent's objections.

The Report and Recommendation contains a thorough and detailed exposition of the procedural background of this case, the relevant facts and the governing law. Neither Respondent nor the Court has any disagreement with the Magistrate Judge's description of the procedural posture of this case, her factual findings (although Respondent takes issue with some of the inferences the Magistrate Judge drew from the relevant facts) or her recitation of governing law. However, the Court agrees with Respondent that the Magistrate

Judge's conclusions that this case presents rare and exceptional circumstances and that Petitioner exercised due diligence in pursuing his federal claims, both necessary predicates for the application of equitable tolling, are in error. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). *See generally Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669, 679 (2005).

"Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 105 S.Ct. 1723, 80 L.Ed.2d 196 (1984). "Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 1100, 166 L.Ed.2d 973 (2007). It is "to be applied sparingly." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

In this case, Petitioner waited until November 22, 2009, eight days before the limitations period for filing a federal habeas petition expired before he delivered his application for post-conviction relief to prison officials for mailing, so as to exhaust his state law remedies for a claim not raised on direct appeal. Ultimately it was not actually mailed by prison officials until November 25, 2009 and for some reason was not received by the Comanche County District Court Clerk's office until December 11, 2009, according to the Certified Mail Receipt. Petitioner did not file his petition for a writ of habeas corpus herein until January 25, 2010. Absent tolling, Petitioner's limitations period for filing his federal

2

habeas petition expired on November 30, 2009. Petitioner's argument is essentially that circumstances beyond his control prevented the filing of his state post-conviction application before the expiration of the limitations period for filing a federal habeas petition which would have entitled him to the benefit of statutory tolling and thereby rendered the filing of his habeas petition timely.

But equitable tolling applies to toll the period for filing a federal habeas petition, not the filing of a state post-conviction application in order to obtain the benefit of statutory tolling. Secondly, the fact that a state court post-conviction application which had to be filed on or before November 30, 2009 to obtain the benefit of statutory tolling was not timely filed when it was not even initially delivered to prison officials until November 22, 2009, and when November 26, 2009 was Thanksgiving Day and the courthouse was not open on November 27, 28 or 29, 2009, is not an extraordinary circumstance nor a circumstance that was entirely beyond Petitioner's control. Petitioner's miscalculation of how long it would take for his application to reach the Comanche County District Court Clerk's office after he delivered it to prison officials for mailing is not distinguishable from a petitioner's attorney's miscalculation of the limitations period, which is "simply not sufficient to warrant equitable tolling," *Lawrence v. Florida*, 549 U.S. 327, ___, 127 S.Ct. 1079, 166 L.Ed.2d 924, 944 (2007), because to apply equitable tolling in such circumstances would result in its application every time a petitioner or his attorney missed a deadline. *See id.* Moreover, Petitioner has wholly failed to explain why he waited until days before the expiration of the one-year limitation period for filing his federal habeas petition to deliver his state court post-

3

conviction application to prison officials for filing and why he did not file his federal habeas petition until nearly two months later. In short, Petitioner has not shown that he diligently pursued his federal claims. *See Brown v. Parker*, 348 Fed. Appx. 405, 408 (20th Cir. Oct. 9, 2009); *Brown v. Poppel*, 98 Fed. Appx. 785, 788 (10th Cir. May 12, 2004). Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling and that his habeas petition herein should be dismissed as barred by the one-year statute of limitations, 28 U.S.C. § 2244(d).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 17] is REJECTED and the petition for a writ of habeas corpus, Respondent's motion to dismiss is GRANTED and the petition of Bennie A Cooper, Jr. for a writ of habeas corpus is DISMISSED.

IT IS SO ORDERED this 16th day of July, 2010.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE