# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENNIE A. COOPER, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-10-75-R |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

## ORDER

On September 28, 2010, the Court entered an Order [Doc. No. 28] adopting in part the Report and Recommendation of the United States Magistrate Judge [Doc. No. 17] and holding in abeyance the Report and Recommendation insofar as it recommended denial of Petitioner's motion to stay [Doc. No. 3] pending briefing by Respondent as ordered therein. On October 1, 2010, Respondent filed its brief in response to the Court's Order, objecting to Petitioner's motion to stay. Doc. No. 29.

The Magistrate Judge recommended that Petitioner's motion to stay be denied on the ground that Petitioner's unexhausted claim that he was denied representation of counsel at a critical stage, specifically during the execution of a search warrant, is without merit. The Court fully concurs. However, the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objection, *see* 28 U.S.C. § 636(b)(1)(B), and in his Response to the Report and Recommendation [Doc. No. 27], Petitioner suggests that he was denied representation of counsel at a critical stage or stages because he was not represented by counsel at his "arraignment . . . , the setting of his bond at $1,000,000, and related

interrogations by the prosecutor and the filing of seven felony charges against Petitioner . . . ." Response at p. 7.  Petitioner relies on *Rothgery v. Gillespie County, Tex.*, 554 U.S. 191, 128 S.Ct. 2758, 171 L.Ed.2d 356 (2008) to assert that his Sixth Amendment right to counsel attached at arraignment.  But in *Rothgery*, the United States Supreme Court made it clear that once attachment occurs, an accused is entitled to the presence of appointed counsel during any "critical stage" of <u>post attachment</u> proceedings and that what makes a "critical stage" is what shows the <u>need</u> for counsel's presence.  *Rothgery, supra*, 554 U.S. at ___, 128 S.Ct. at 2591, 171 L.Ed.2d at 382.  Indeed, the Supreme Court said that "counsel must be appointed within a <u>reasonable</u> time after attachment . . . ."  *Id.* (emphasis added).

At arraignment, on April 23, 2004, Petitioner's right to counsel attached, entitling him to representation of counsel at critical stages of post attachment proceedings.  He was not entitled to the representation of counsel at arraignment, when it appears he applied for court-appointed counsel through the Oklahoma Indigent Defense System.  His application for indigent defense counsel was approved on April 29, 2004, which was within a reasonable time after his right to counsel attached.  Petitioner has not shown that he waived any rights at his initial appearance or that anything prejudicial to him occurred at that initial appearance.  He has not shown the need for counsel's presence at his initial appearance.  Although Petitioner makes a reference to "related interrogations by the prosecutor," the record that Respondent has submitted with his response reveals that Petitioner never made any statements to the police, *see* Transcript of Motions Held on April 28, 2005 (Exhibit "2" to Respondent's Response) at p. 24, the Sheriff's Department did not question Petitioner after

2

he refused to be interviewed, *see id.* at pp. 156 & 157, and neither counsel who represented Petitioner at the hearing on his motions, where it was argued that he did not have representation at critical stages, ever referred to any interrogation by prosecutors. Accordingly, the Court finds that Petitioner's unexhausted claim that he was denied representation of counsel at critical stages is without merit.

Moreover, Petitioner knew of the factual predicate for his unexhausted claim as of July 13, 2005, when he filed a *pro se* motion raising the claim in the trial court and certainly by August 2, 2005, when his counsel argued that he had not had representation of counsel at critical stages. Yet Petitioner waited until November 22, 2009 and more than a year after the Oklahoma Court of Criminal Appeals had addressed all of his other claims herein and affirmed his conviction to attempt to exhaust this unexhausted claim.

Because Petitioner's unexhausted claim is not potentially meritorious, Petitioner engaged in dilatory litigation practices and Petitioner has not shown good cause for failing to exhaust his state remedies as to the unexhausted claim, Petitioner's motion to stay [Doc. No. 3] must be denied. *See Rhines v. Weber*, 544 U.S. 269, 273, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005).

In accordance with the foregoing, the Report and Recommendation of the United States Magistrate Judge [Doc. No. 17] insofar as it recommends that Petitioner's motion to stay [Doc. No. 3] be denied and that Petitioner be afforded the opportunity to amend his Petition to delete his unexhausted claim and, in the event he decides not to file an amended petition deleting that claim, the Petition be dismissed without prejudice as a "mixed petition,"

is ADOPTED in its entirety. Petitioner's motion to stay [Doc. No. 3] is DENIED. Petitioner is GRANTED leave to file an amended petition herein deleting his unexhausted claim within ten (10) days of the date of this Order. In the event Petitioner does not file an amended petition deleting the unexhausted claim, the Petition herein will be dismissed without prejudice as a "mixed petition."

IT IS SO ORDERED this 8th day of October, 2010.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE