**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BENNIE A. COOPER, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. CIV-10-75-R |
| ) | |
| **JUSTIN JONES, Director,** ) | |
| ) | |
| **Respondent.** ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie K. Couch entered June 29, 2011 [Doc. No. 48]. Also before the Court are Petitioner's objections to the Report and Recommendation filed October 17, 2011. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Petitioner's objections.

Petitioner's objections are all directed to the Magistrate Judge's treatment of Grounds One and Three of the Petition in her Report and Recommendation. First, Petitioner asserts that the Magistrate Judge erred in finding that Ground One of the Petition asserted only a *Brady* violation. Petitioner asserts that Ground One also raised a Sixth Amendment claim for denial of counsel, citing sentences in his brief in chief in his direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA").

However, Proposition I of Petitioner's appellate brief attached to his petition for a writ of habeas corpus herein and incorporated by referenced there states as follows:

> MR. COOPER'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WERE VIOLATED WHEN THE POLICE FAILED TO PRESERVE POTENTIALLY EXCULPATORY EVIDENCE.

Brief of Appellant (Exhibit to Petition and Exhibit "1" to Response to Petition for Writ of Habeas Corpus [Doc. No. 39]) at p. 5.

Petitioner in his appellate brief does refer to errors being compounded by refusal to allow Cooper immediate access to counsel, *see id.* at p. 6, and does at one point mention Const. Amend. VI, *see id.* at p. 8, but does not fairly raise and could not be fairly read to raise a Sixth Amendment claim for denial of counsel. Indeed, the OCCA addressed Petitioner's first proposition of error as the asserted denial of due process resulting from the failure to preserve potentially exculpatory evidence, and never mentioned or addressed a claim for denial of counsel. *See* OCCA Summary Opinion (Exhibit "3" to Response to Petition for Writ of Habeas Corpus). Petitioner did not seek rehearing by the OCCA. Accordingly, this claim is unexhausted.

Petitioner also objects to certain findings, observations and summarizations by the OCCA relating to his first ground for relief. However, Petitioner did not assert before the Magistrate Judge that any factual determination by the OCCA was "objectively unreasonable in light of the evidence presented in the state-court proceeding," *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Thus, Petitioner has waived this issue. In any event, Petitioner has not shown by clear and convincing evidence that the OCCA's finding that "the crime-scene

evidence was properly tested by law enforcement authorities," OCCA Summary Opinion at p. 2, was incorrect. *See* 28 .U.S.C. § 2254(e)(1).

The Court agrees with the Magistrate Judge that the OCCA's conclusion with respect to Petitioner's claim that his due process rights were violated when the prosecution failed to preserve crime scene evidence which was potentially exculpatory (Ground One) because Petitioner had not shown that the evidence was material or any bad faith on the part of the state in disposing of it is either contrary to, or an unreasonable application of Supreme Court law.

With respect to Ground Three, Petitioner objects only to the finding by the OCCA that Petitioner had not demonstrated that a videotape of the undercarriage of Petitioner's truck made by a law enforcement officer was exculpatory or material. Petitioner states that if the tape had been produced at his first trial, it would have supported Petitioner's testimony and Petitioner would not have "forced" a mistrial. Petitioner acknowledges that the tape was produced at his second trial but states that his counsel was unable to view it because no one in the courthouse had equipment in the correct format to play it. But he asserts that if he had been able to view the tape, "Petitioner may well have testified at the second trial." Objections at p. 21. Petitioner admits in his objections, however, that the undercarriage of his truck was damaged. And as the Magistrate Judge pointed out, the sheriff's detective testified at trial that the videotape showed "fresh damage" to the undercarriage of Petitioner's truck, *see* Trial Transcript Vo. 2 at p. 133, and the victim testified that Petitioner had driven over a fence sometime during her captivity, so the evidence of damage supported the victim's

testimony and therefore was not exculpatory.[1]  Report and Recommendation at pp. 7-8. Petitioner has still failed to show how either the videotape or his testimony which he claims it would have supported was either exculpatory or material.  This objection, treated as an objection to the Magistrate Judge's conclusion that the OCCA's conclusion that Petitioner's due process rights were not violated by the failure to produce the videotape prior to trial, was not contrary to or an unreasonable application of Supreme Court law, is without merit.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 herein is DENIED.

IT IS SO ORDERED this 4th day of November, 2011.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] The Court does not have a transcript of the first trial which resulted in a mistrial.